UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WABASH POWER EQUIPMENT, CO., ) | |
| and NICKELSON INDUSTRIAL ) | |
| SERVICE, INC., ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | CAUSE NO. 2:13-CV-202-TLS-JEM |
| ) | |
| BTU STATE LINE, LLC, ) | |
| BTU SOLUTIONS, LLC, and ) | |
| STATE LINE ENERGY, LLC, ) | |
|     Defendants. ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Plaintiff's Motion for Entry of Default [DE 90], filed by Plaintiffs on July 20, 2015. On August 31, 2015, District Court Judge Theresa L. Springmann entered an Order [DE 97] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**PROCEDURAL BACKGROUND**

Plaintiffs Wabash Power Equipment Co. and Nickelson Industrial Service, Inc., filed their Complaint on June 11, 2013. The allegations in the Complaint arise out of an auction of equipment from the State Line Energy electric generating plant in Hammond, Indiana. Plaintiffs formed a joint venture to purchase equipment from the generating plant, equipment sold by Defendants at an auction. Plaintiffs allege that Defendants made material misrepresentations about the items to

induce Plaintiffs to purchase them. Plaintiffs asserted claims for breach of express warranties, violation of the Indiana Crime Victim's Relief Act, and fraud in the inducement.

On March 13, 2014, this Court entered a Report and Recommendation that Defendants' Motion to Dismiss be denied, and it was accepted by Judge Springmann on March 31, 2014. After limited discovery on the question of personal jurisdiction, Defendant BTU Solutions, LLC was dismissed without prejudice from the case on October 17, 2014. On June 24, 2015, Judge Springmann denied Plaintiffs' Motion for Partial Summary Judgment, leaving all claims pending against Defendants BTU State Line, LLC, BTU Solutions DE, LLC, and State Line Energy, LLC.

On June 10, 2015, the Court granted motions to withdraw as attorney filed by counsel for Defendants, leaving them unrepresented and unable to proceed in the case. When no new counsel entered an appearance, on August 7, 2015, Plaintiffs filed a Motion for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) and (b)(1), and on August 17, 2015, a Clerk's Entry of Default was entered against Defendants.

On July 20, 2015, Plaintiffs filed the instant Motion for Default Judgment. On August 31, 2015, Judge Springmann referred the motion to the undersigned Magistrate Judge. On October 9, 2015, the matter was set for hearing for November 16, 2015, and on that date the Court held a hearing on the Motion for Default Judgment with Plaintiffs present by counsel, admitting evidence into the record and hearing argument.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Unum Life Ins. Co. of Am. v. Nichols*, No. 1:07CV50, 2008 WL 313443, *2 (N.D.

Ind. Feb. 4, 2008) (citing *Hill v. Barbour*, 787 F. Supp. 145, 148 n.4 (N.D. Ill. 1992)). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Because the Clerk of Court entered default against Defendants on August 17, 2015, the Court may enter default judgment under Rule 55(b)(2).

Plaintiffs purchased two Ingersoll-Rand condensers and two Worthington condensers from Defendants at an auction in September 2012. On October 11, 2012, Plaintiffs also purchased three heaters from Defendants. Plaintiffs were required to pay for abatement of asbestos in order to remove the equipment they purchased from Defendants. Plaintiffs brought claims against Defendants for breach of express warranties, fraud in the inducement, and pecuniary loss as a result of Defendants' deception, theft, and conversion, in violation of Indiana Code. Plaintiffs represent that they have incurred actual damages in the amount of $1,672,035.23, and request a judgment in an amount of up to three times their actual damages.

In Count I, Plaintiffs allege that Defendants breached express warranties. Under Indiana law, "any description of goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Ind. Code. § 26-1-2-313(1)(b) In particular, Plaintiffs allege that Defendants warranted that each of the Ingersoll-Rand condensers contained 16,140 tubes made of admiralty metal and were at least 0.049 inches thick, represented that the Worthington condensers contained tubes that were at least 0.049 inches thick, and represented that the heater tubes were made of monel steel. Plaintiffs allege that they relied on these representations, but none of these items conformed with Defendants' warranties: the Ingersoll-Rand condensers each contained only 8,070 tubes, were made of stainless steel rather than admiralty metal, and were

3

thinner than represented; the tubes in the Worthington condensers were less than 0.049 inches thick; and the heater tubes were admiralty metal and stainless steel rather than monel steel. Plaintiffs request compensatory, incidental, and consequential damages for the breach of express warranty.

Count II alleges that Defendants committed deception. A person commits deception in violation of the Indiana Code if he "sells, offers, or displays for sale or delivers less than the represented quantity of any commodity" or "disseminates to the public an advertisement that the person knows is false, misleading, or deceptive, with intent to promote the purchase or sale of property or the acceptance of employment." Ind. Code §§ 35-45-5-3(a)(4)(B) & (a)(9). In this case, Plaintiffs allege that Defendants knowingly and intentionally offered for sale less than the represented quantities of equipment to induce buyers like Plaintiffs, disseminated an advertisement about the equipment to be auctioned that Defendants knew was false, misleading, or deceptive, and, through an agent of Defendants, verbally misrepresented more than the represented quality of equipment to induce its purchase. In particular, Plaintiffs assert that Defendants misrepresented the number, thickness, and types of metal in the tubes in the Ingersoll-Rand condensers, misrepresented the thickness of tubes in the Worthington condensers, misrepresented the quality of material in the heater tubes, and failed to disclose the need to abate asbestos prior to removing the condensers and heaters. Plaintiffs assert that they suffered pecuniary loss as a result of Defendants' deception in violation of Indiana Code §§ 35-45-5-3(a)(4)(B) & (a)(9) and request treble damages pursuant to the Indiana Crime Victim's Relief Act, Indiana Code § 35-24-3-1.

Count III includes a claim for fraud in the inducement. Fraudulent inducement occurs when a party, through fraudulent misrepresentations, induces another to enter into a contract. *Lighting Litho, Inc. v. Danka Indus., Inc.*, 776 N.E.2d 1238, 1241 (Ind. Ct. App. 2002). The elements of fraud in the inducement are "(1) a material misrepresentation of past or existing fact which (2) was

false, (3) was made with knowledge or reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) proximately caused injury to the complaining party." *Tru-Cal, Inc. v. Conrad Kacsik Instrument Sys., Inc.*, 905 N.E.2d 40, 44-45 (Ind. Ct. App. 2009) (quoting *Bilimoia Computer Sys., LLC v. Am. Online, Inc.,* 829 N.E.2d 150, 155 (Ind. Ct. App. 2005)). Plaintiffs allege that Defendants' misrepresentations of the amount and type of metals in the tubes, as described above, were made with knowledge that the statements were false or in reckless disregard of their truth or falsity and with the intent to induce Plaintiffs to purchase the items, and that the misrepresentations were reasonably relied on by Plaintiffs, who were injured as a result. Plaintiffs seek compensatory damages for their injury.

As a result of the default, Defendants are deemed to have breached express warranties to Plaintiffs, committed fraud in the inducement, and committed deception in contravention of the Indiana Crime Victim Relief Act.

At the hearing, Mr. Rafferty, an employee of Plaintiff Wabash Power Equipment Co., testified about the facts surrounding the purchase of the condensers and heaters, the removal and sale of the scrap metal, and how the value of Plaintiffs' loss was calculated. Testimony and documents were presented establishing that the difference in value of the Ingersoll-Rand condensers as warranted and received is $982,972.55; the difference in value of the Worthington condensers is $427.419.68; and that the difference in value of the heaters is $73,948.00. Mr. Rafferty explained that the difference in value of the metals was calculated by determining the value of the metal as promised, valued at the time of the sale based either on the actual sale price or on market prices as obtained from potential buyers, and subtracting the value of the actual metal from the items, at the

5

price at which it was sold.[1] Plaintiffs also presented testimony and evidence that they were forced to remove and abate asbestos in order to take delivery of the equipment they purchased from Defendants, although Defendants did not disclose this requirement. Plaintiffs incurred $187,695.00 in damages to remove and abate the asbestos, as reflected in invoices entered into evidence. Mr. Rafferty explained that Defendants, as owners of the power plant and its equipment, were in the position to know what was in the condensers and heaters, information Plaintiffs could not obtain until after they purchased the items and cut into them.

Plaintiffs request that their total damages amount of $1,672.035.23 be tripled pursuant to Indiana Crime Victim's Relief Act, for a total of $5,016,105.69. Plaintiffs are not seeking recovery of attorney fees, interest, or costs. The Indiana Crime Victim's Relief Act provides for civil recovery for pecuniary loss for treble damages, costs, and attorney's fee for damages arising from certain torts or criminal conduct. Ind. Code. § 34-24-3-1; *State Grp. Indus. (USA) Ltd. v. Murphy & Assocs. Indus. Servs., Inc.*, 878 N.E.2d 475, 478 (Ind. Ct. App. 2007). "In order to establish a viable claim, a plaintiff must show a violation of one of the specific code sections and that such violation caused the loss suffered by the plaintiff." *McLemore v. McLemore*, 827 N.E.2d 1135, 1144 (Ind. Ct. App. 2005). In this case, because of the default, Defendants are deemed to have committed deception in violation of Indiana Code §§ 35-45-5-3(a)(4)(B) & (a)(9), causing the pecuniary loss claimed by Plaintiffs. Accordingly, Plaintiffs are entitled to treble damages in the amount of $5,016,105.69.

---

[1] Plaintiffs explain that a portion of the scrap metal was retained by Plaintiffs because of the ongoing litigation, and is valued for these purposes at the price at which the like metal was sold.

**CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that Judge Springmann **GRANT** Plaintiff's Motion for Entry of Default [DE 90]. The Court **RECOMMENDS** that Judge Springmann enter judgment in favor of Plaintiffs Wabash Power Equipment Co. and Nickelson Industrial Service, Inc., and against Defendants BTU State Line, LLC, BTU Solutions DE, LLC, and State Line Energy, LLC., in the sum of $5,016,105.69.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 24th day of November, 2015.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record